

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES D. OFELDT,
#81842

    Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

    Defendants.

3:10-cv-00420-LRH-VPC

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued the State of Nevada, and the Nevada Department of Corrections ("NDOC"), as well as NDOC Director Howard Skolnik. Plaintiff challenges Administrative Regulation ("A.R.") 733, which prohibits inmates in disciplinary segregation from ordering books from outside the prison. He claims that A.R. 750, which predates A.R. 733, allows

inmates to order books from outside the prison, and asserts that two of his requests for books have been denied in violation of his First and Fourteenth Amendment rights. As discussed below, plaintiff's complaint fails to state any claims for which relief may be granted, and therefore, is dismissed.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Clement v. Cal. Dept. of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004) (*per curiam*); *Ashker v. Cal. Dept. of Corr.*, 350 F.3d 917, 922 (9th Cir. 2003); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A regulation related to a prisoner's right to receive publications from outside the prison is "valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

A prison regulation creates a liberty interest deserving protection under the Fourteenth Amendment's due process clause only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from his or her sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

First, plaintiff appears to claim that A.R.s 750 and 733 conflict. Leaving aside whether that raises a constitutional concern, A.R. 750 regulates all incoming and outgoing mail in general, and thus does not conflict with A.R. 733, governing disciplinary segregation. Next, plaintiff challenges the regulation of reading material in disciplinary segregation. As the name suggests, inmates are placed in disciplinary segregation as punishment for violating prison rules and regulations. Limiting inmates in disciplinary segregation to reading material available within the prison is part of the sanction for violating prison rules and regulations and is reasonably related to the legitimate penological interest of maintaining order in the prison. Neither does the regulation impose an atypical and significant hardship on inmates in disciplinary segregation in relation to the ordinary incidents of prison life. Plaintiff fails to state a First or Fourteenth Amendment claim for which relief may be granted. Accordingly, plaintiff's complaint is dismissed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint

1  (docket #1-2).

2  **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

3  **IT IS FURTHER ORDERED** that defendant's motion to extend time (docket #4) is **DENIED**.

4  **IT IS FURTHER ORDERED** that plaintiff's motion to dismiss State of Nevada and NDOC as defendants (docket #5) is **DENIED**.

6  **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 7<sup>T</sup> day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE