# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMES D. OFELDT,  )
       #81842      )
                   )
       Plaintiff,  )     3:10-cv-00420-LRH-VPC
                   )
vs.                )
                   )     **ORDER**
STATE OF NEVADA, *et al.*, )
                   )
       Defendants. )
_____/

On October 8, 2010, the court dismissed with prejudice this *pro se* civil rights action (docket #9). Judgment was entered on October 12, 2010 (docket #11). Before the court is plaintiff's motion to vacate erroneous order (docket #13). Also before the court is defendant's bill of costs (docket #12) and plaintiff's motion to vacate bill of costs (docket #14).

With respect to plaintiff's motion to vacate order, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which

it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of October 8, 2010, the court dismissed the complaint, which alleged that Ely State Prison's policy regarding reading material in disciplinary segregation violated plaintiff's First and Fourteenth Amendment rights (docket #9). In his motion for reconsideration, plaintiff alleges many facts outside of the complaint. The court may not consider new allegations or claims (absent newly discovered evidence) in a motion for reconsideration. Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed. Accordingly, his motion to vacate order is denied.

Next, defendants filed a bill of costs (docket #12) as the prevailing party and plaintiff has filed a motion to vacate bill of costs (docket #14). Defendants seek the $350 fee for filing the petition for removal of a state action to federal court. In his motion, plaintiff objects on the basis that he filed this action in state court, where he was granted *in forma pauperis* status, and the attorney general voluntarily removed the action to federal court, incurring the $350 fee.

While Federal Rule of Civil Procedure 54(d)(1) establishes a rebuttable presumption that the prevailing party will be awarded its taxable costs, it also vests discretion in the district court to refuse to do so. *Ass'n of Mexican-Am. Educators v. Cal.,* 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A

district court must specify its reasons for its refusal to award costs. *Id.*

A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed *in forma pauperis*. *Monroe v. U.S. Marshals*, 101 F.3d 706, 1996 WL 665147 *2 (9th Cir. 1996). However, in a civil rights action, consideration of a plaintiff's limited resources is an appropriate reason for denial of costs. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *see also Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009). Additionally, "imposing costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Tubbs*, 258 F.R.D. at 661.

The court takes judicial notice of plaintiff's limited resources as demonstrated in his application to proceed *in forma pauperis* with respect to a *habeas corpus* petition (*Ofeldt v. Director, NDOC*, 3:10-cv-00646-LRH-VPC), and based on such limited resources, combined with the possibility that the imposition of the award would have a chilling effect on civil rights litigants, an award of costs against plaintiff would be inequitable.

**IT IS THEREFORE ORDERED** that plaintiff's "motion to vacate erroneous Order and judgment per FRCP 59(e)" (docket #13) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to vacate bill of costs (docket #14) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' bill of costs (docket #12) is **DENIED**.

Dated this 5th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE